IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| CHARLIE GRIGG, and CHARLES WALDSCHMIDT,<br><br>Plaintiffs,<br><br>vs.<br><br>UNION PACIFIC RAILROAD CO.,<br><br>Defendant | **4:21CV3124**<br><br>**8:22CV210**<br><br>**MEMORANDUM AND ORDER** |

This matter is before the Court on the plaintiff's motion to compel, Filing No. 82.[1] The motion is more properly construed as a motion for partial summary judgment on a question of law.[2]

The plaintiffs in these consolidated putative class action cases allege that defendant Union Pacific Railroad ("U.P." or "the Raiload") discriminates against hearing-impaired employees through its hearing-exam and hearing-protection rules. Filing No. 86, Amended Complaint. They assert disparate treatment and disparate impact claims under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*, and Section 504 of the Rehabilitation Act of 1973, as amended ("Rehabilitation Act"), 29 U.S.C. § 794 *et seq.*

I.    FACTS

By way of background, these cases evolved from a class-action lawsuit that was decertified by the Eighth Circuit Court of Appeals. *See Harris v. Union Pac. R.R. Co.,*

---

[1] Citations are to filings in the lead case, 4:21CV3124.

[2] Some discovery issues may have been resolved in subsequent proceedings before the Magistrate Judge, but the parameters of the class period remain in dispute. *See* Filing No. 96, Audio File.

953 F.3d 1030, 1032 (8th Cir. 2020).[3]  In that case, the plaintiffs broadly challenged Union Pacific's alleged policy of sidelining disabled employees through fitness-for-duty evaluations.  *Harris v. Union Pac. R.R. Co.*, 329 F.R.D. 616 (D. Neb. 2019), *rev'd* 953 F.3d 1030.  In *Harris*, this Court certified a class of all employees subject to a fitness-for-duty evaluation because of a reportable health event from September 18, 2014, until the resolution of the action.  *Id.* at 621.  Grigg was a class member in Harris and after remand, Waldschmidt's substantively identical case was transferred to this District from the District of Colorado and later consolidated with this Grigg's case.  *See* Filing No. 98 at 18, Transcript; Filing No. 91, Order; Filing No. 63 in 8:22CV210, motion; Filing No. 78 in 8:22CV210, Order.  In decertifying the class, the Eighth Circuit essentially found that the class therein—covering over 650 separate jobs and all U.P. employees who were subjected to fitness-for-duty evaluations for numerous medical conditions—was too broad in scope to meet Rule 23's predominance and cohesiveness requirements.  *Harris*, 953 F.3d at 1036–38.  The Eighth Circuit acknowledged, however, that a more narrowly targeted class with a specific type of disability and a smaller number of jobs could be appropriate for class certification.  *Id.* at 1039.  This case presents one such example.

In the Amended Complaint, the plaintiffs allege that U.P has adopted overbroad hearing-exam and hearing-protection policies that systematically put hearing-impaired employees at a disadvantage as compared to non-hearing-impaired workers.  Filing No. 86 at 2, Amended Complaint.  They allege:

> Union Pacific has violated the ADA and the Rehabilitation Act in every instance where it has used its hearing exam protocol to refuse to certify (or to decertify) as a conductor or engineer, to remove from service, or to

---

[3] This case also follows *Mlsna v. Union Pac. R.R. Co.*, 975 F.3d 629 (7th Cir. 2020), a case involving the same employment practice on an individual basis.  In that case, the Seventh Circuit reversed a grant of summary judgment to Union Pacific.  *Id.* at 639.  At trial after remand, Union Pacific was found liable for discrimination.  *Mlsna*, No. 3:18-cv-00037-wmc, Filing No. 278, Special Verdict (W.D. Wisc. July 2, 2021).

terminate any employee, including Grigg and Waldschmidt, who were able to pass the [Federal Railroad Administration's] hearing exam with or without hearing aids. Union Pacific's ongoing policy, pattern, and practice of discrimination continues to violate the ADA and the Rehabilitation Act to this day.

*Id.* at 5.   The plaintiffs seek relief on behalf of themselves and the following class of similarly situated employees:

Individuals who took and passed the FRA's hearing acuity test with or without hearing aids and who nevertheless were the subjects of one or more adverse actions by Union Pacific because of their hearing acuity test results at any point between the commencement of Union Pacific's hearing-protection and hearing-acuity policies and the resolution of this action.

*Id.* at 54.    The plaintiffs also allege exhaustion of administrative remedies under the ADA.[4]   *Id.* at 52.   In its answer, U.P. generally denies the plaintiffs' allegations, but acknowledges that it has the challenged policies in place.   Filing No. 90 at 12–14, Amended Answer.

In the discovery request at issue, the plaintiffs seek discovery of information about potential class members before April 2017.   In response, U.P. produced some data on potential class members, but it limited the production to a subset of potential class members whose ADA claims may have accrued on or after January 24, 2018, and class members whose Rehabilitation Act claims accrued on or after June 2017.[5]   For discovery purposes, U.P. has agreed to provide information back to June 2017.   Filing No. 91 at 3 n.4, Defendant's Brief.   U.P. argues that any claims of potential class members that

---

[4] On November 20, 2018, Grigg filed a charge with the Equal Employment Opportunity Commission ("EEOC").   Filing No. 86, Amended Complaint at 52.   The EEOC issued a "Right to Sue" letter on March 25, 2021.   *Id.*   On October 21, 2019, Waldschmidt filed a charge with the EEOC.   *Id.*   Waldschmidt received his "Right to Sue" letter on September 29, 2020.   *Id.*   On September 17, 2021, Waldschmidt filed another charge with the EEOC.   *Id.*   Waldschmidt received another "Right to Sue" letter on June 21, 2022.   *Id.*

[5] Those dates represent 300 days before the filing of the ADA claim and a four-year statute of limitations on the Rehabilitation Act claim.

predate June 2017 are barred by statutes of limitation and cannot be revived, and thus information concerning those potential claims need not be produced.[6]

In their motion to compel, the plaintiffs seek a determination of whether the continuing violation doctrine applies to extend the class periods in this putative class-action. They contend that U.P.'s challenged hearing exam policies and practices date back to 2014, if not earlier. They also contend that, even if the rule does not apply, the Railroad must still produce discovery concerning how its hearing policies affected employees before April 2017.

II.     LAW

In order to bring an action for discrimination, a plaintiff must file a charge of discrimination with the EEOC within 300 days "after the alleged unlawful employment practice occurred." 42 U.S.C. § 2000e-5(e). The ADA incorporates Title VII's "powers, remedies, and procedures," including the "time for filing charges" requirement in 42 U.S.C. § 2000e-5(e)(1) ("Section 706"). 42 U.S.C. § 12117.

The statute of limitations is subject to a number of judicially created tolling mechanisms, for example, courts have created the "continuing violations" doctrine, which allows the limitation period to be tolled for alleged discriminatory conduct that is deemed continuing in nature so long as at least some of that conduct occurred during the 300-day period. *See, e.g.*, *Havens Realty Corp. v. Coleman*, 455 U.S. 363, 380–81 (1982) (holding with respect to Fair Housing Act, that a "pattern, practice, and policy" of discrimination that is maintained into the limitations period is a continuing violation); *see Johnson v. Milwaukee Sch. of Eng'g*, 258 F. Supp. 2d 896, 901 (E.D. Wis. 2003). "When

---

[6] U.P. also argues the request would be unduly burdensome and disproportionate and would amount to an invasion of privacy. Those arguments have been addressed in proceedings before the Magistrate Judge. *See* Filing No. 93, Audio File.

a continuing violation is found, 'a plaintiff is entitled to have the court consider all relevant actions allegedly taken pursuant to the employer's discriminatory policy or practice, including those that would otherwise be time barred.'" *Sharpe v. Cureton*, 319 F.3d 259, 267 (6th Cir. 2003) (quoting *Alexander v. Loc. 496, Laborers' Int'l Union of N. Am.*, 177 F.3d 394, 408 (6th Cir. 1999); *see also Thiessen v. Gen. Elec. Cap. Corp.*, 267 F.3d 1095, 1109–11 (10th Cir. 2001); *Anderson v. Boeing Co.*, 222 F.R.D. 521, 545–48 (N.D. Okla. 2004).

However, discrete discriminatory acts are not actionable if time barred, even when they are related to acts alleged in timely filed charges. *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 115 n.9 (2002) (overturning prior Sixth Circuit law that allowed plaintiffs to establish a continuing violation with proof that alleged acts of discrimination that occurred prior to the limitations period are sufficiently related to those occurring within the limitations period."). "When [a plaintiff] seeks redress for discrete acts of discrimination or retaliation, the continuing violation doctrine may not be invoked to allow recovery for acts that occurred outside the filing period." *Id.* at 113. "Each discrete discriminatory act starts a new clock for filing charges alleging that act." *Id.* (noting that a charge of discrimination must be filed within the 180– or 300–day time period after the discrete discriminatory act occurred). Discrete acts that fall within the statutory period do not make those that fall outside the period timely. *Id.* at 112.

In contrast, for hostile work environment claims, if "an act contributing to the claim occurs within the filing period, the entire time period of the hostile environment may be considered by a court for the purposes of determining liability." *Id.* at 117; *see Baar v. Jefferson Cnty. Bd. of Educ.*, 311 F. App'x 817, 824 (6th Cir. 2009) (noting the cumulative effect of discriminatory acts in a hostile work environment claim manifests over time and not at one particular moment). The Supreme Court explicitly left open "the timely filing

5

question with respect to 'pattern-or-practice' claims brought by private litigants." *National R.R. Passenger Corp.*, 536 U.S. at 115.  "The [Supreme] Court's mention of pattern or practice claims appears to have been a reference to claims involving a 'systemic violation,' that is, 'a continuing poli\cy and practice of discrimination on a company-wide basis' that continues into the limitations period." *Johnson*, 258 F. Supp. 2d at 901 (quoting *Green v. Los Angeles Cnty. Superintendent of Sch.*, 883 F.2d 1472, 1480 (9th Cir. 1989)); *see also Mack v. Great Atl. & Pac. Tea Co.*, 871 F.2d 179, 183 (1st Cir. 1989) (noting that in cases of systemic violations it is "unnecessary [for a plaintiff] to identify any single act of discrimination within the limitations period").

The category of continuing violations that involve a longstanding and demonstrable policy of discrimination, is not implicated by *Morgan*.  *Sharpe v. Cureton*, 319 F.3d 259, 268–69 (6th Cir. 2003); *Tenenbaum v. Caldera*, 45 F. App'x 416, 419 (6th Cir. 2002) n. 3 (6th Cir. 2002); *Equal Emp. Opportunity Comm'n v. Horizontal Well Drillers, LLC*, No. CIV-17-879-R, 2018 WL 3029108, at *8 (W.D. Okla. June 18, 2018) (holding the plaintiff could utilize the continuing violation doctrine for its pattern-or-practice claims); Pattern-or-practice claims are similar to hostile-work environment claims. *See Banks v. McInstosh Cnty., Georgia*, No. 2:16-CV-53, 2022 WL 400810, at *12 (S.D. Ga. Feb. 9, 2022) (applying *Morgan* rationale regarding hostile work environment claims, "to analogous claims of systemic discrimination which, unlike discrete acts, 'occur[ ] over a series of days or perhaps years' and 'are based on the cumulative effect of individual acts.'" (quoting *National R.R. Passenger Corp.*, 536 U.S. at 115)).

Pattern and practice discrimination claims do not require proof from each individual and are instead evaluated at the liability phase on objective criteria that establish a company-wide pattern-or-practice of discrimination.  *See e.g., Int'l Bhd. of Teamsters v. United States*, 431 U.S. 324, 360 (1977) ("At the initial, 'liability' stage of a pattern-or-

practice suit the Government is not required to offer evidence that each person for whom it will ultimately seek relief was a victim of the employer's discriminatory policy."); *Cooper v. Fed. Rsrv. Bank of Richmond*, 467 U.S. 867, 875–76 (1984) (explaining that "proof of a pattern or practice requires establishing that 'discrimination [i]s the company's standard operating procedure—the regular rather than the unusual practice'" (quoting *International Broth. of Teamsters*, 431 U.S. at 336)); *Puffer v. Allstate Ins. Co.*, 675 F.3d 709, 716 (7th Cir. 2012) (same); *Bhd. of Maint. of Way Emps. Div. of Int'l Bhd. of Teamsters v. Indiana Harbor Belt R.R. Co.*, 20 F. Supp. 3d 686, 693 (N.D. Ind. 2014). "In systemic violation cases, plaintiffs usually present 'pattern or practice' style proof, which consists of massive statistical presentations accompanied by expert testimony." *Johnson*, 258 F. Supp. 2d at 901; *see also* 4 Lex K. Larson, Employment Discrimination § 72.08(4)(c) (2nd. Ed. 2003).

In the Eighth Circuit, the "continuing violation" theory permits courts to consider alleged discriminatory acts occurring prior to the statutory limitations period for Title VII actions where the plaintiff challenges an ongoing and continuing pattern or practice of discrimination. *Jenson v. Eveleth Taconite Co.*, 130 F.3d 1287, 1303 (8th Cir. 1997) (finding that when plaintiffs are not challenging an isolated instance of sexual harassment, but instead challenge an ongoing pattern or practice of the defendants' maintenance of a hostile work environment, a "violation may be deemed continuing under the law of this circuit, if the plaintiff establishes that any violation took place during the statutory period."); *see also Chaffin v. Rheem Mfg. Co.*, 904 F.2d 1269, 1271 (8th Cir. 1990); *Gardner v. Morris*, 752 F.2d 1271, 1279 (8th Cir. 1985); *Satz v. ITT Fin. Corp.*, 619 F.2d 738, 744 (8th Cir. 1980). The Eighth Circuit has continued to hold after *Morgan* that "systemic" and "ongoing discrimination" may toll the statutory period for filing an administrative charge of employment discrimination. *See Coons v. Mineta*, 410 F.3d 1036, 1042 (8th Cir. 2005) (a case alleging "systemic" age and sex discrimination in hiring practices); *see also Coons*

7

*v. Mineta*, No. CIV. 03-5766 DWF/SRN, 2006 WL 3147735, at *7–8 (D. Minn. Nov. 2, 2006) (applying continuing-violation doctrine on remand).   District courts in the Eighth Circuit have also continued to apply the continuing-violation doctrine to pattern-or-practice claims after *Morgan*.  *See Olsen v. City of Lake Ozark, Missouri*, No. 06-4002-CV-C-NKL, 2006 WL 8438121, at *3 (W.D. Mo. Aug. 8, 2006); *U.S. E.E.O.C. v. PMT Corp.*, 40 F. Supp. 3d 1122, 1128–29 (D. Minn. 2014); *Kahler v. Peters*, No. CIV. 05-1107RHKJSM, 2007 WL 551612, at *3 (D. Minn. Feb. 21, 2007).

The consensus view of courts across the country is that the continuing-violation doctrine still applies to pattern-or-practice claims.   *Sharpe*, 319 F.3d at 268; *Baker v. Sanford*, 484 F. App'x 291, 293 (11th Cir. 2012) ("The critical distinction in the continuing violation analysis is whether the [plaintiff] complains of the present consequence of a one[-]time violation, which does not extend the limitations period, or the continuation of that violation into the present, which does." (internal quotation omitted)); *Anderson*, 222 F.R.D. at 545–48 (finding arguments against the applicability of the continuing violation theory were not persuasive); *Equal Employment Opportunity Commission*, 2018 WL 3029108, at *8–10 (holding that because *Morgan* expressly declined to decide whether the continuing violation doctrine applies to pattern-or-practice claims, circuit precedent remains valid law on that issue); *Torres v. Mineta*, No. CIV.A. 04-0015, 2005 WL 1139303, at *4 (D.D.C. May 13, 2005) (finding Circuit's pre-existing case law on continuing violations still governs in "pattern-or-practice" and "policy-or-practice" cases "insofar as it has not been altered by *Morgan*"); *Steele v. City of Port Wentworth, Georgia*, No. CV405-135, 2008 WL 717813, at *15 (S.D. Ga. Mar. 17, 2008) ("A systemic violation has its roots in a discriminatory policy or practice; so long as the policy or practice itself continues into the limitations period, a challenger may be deemed to have filed a timely complaint."); *Kennedy v. City of Zanesville, OH*, 505 F. Supp. 2d 456, 490–92 (S.D. Ohio 2007) (finding

8

a continuing violation where the plaintiffs alleged that a county's long-standing policy of denying municipal water services to residents based on their race was manifested during the limitations period); *Banks*, 2022 WL 400810, at *4 ("This Court has previously stated that the continuing violation doctrine may be applied to a 'systemic violation, that is, a longstanding and demonstrable policy of discrimination'" (citation omitted)).

Even if not actionable, a defendant's acts that fall outside the limitations period may be used "as background evidence in support of a timely claim." *National R.R. Passenger Corp.*, 536 U.S. at 113; *see, e.g., United Air Lines, Inc. v. Evans*, 431 U.S. 553, 558 (1977); *Kimzey v. Wal-Mart Stores, Inc.*, 107 F.3d 568, 572–73 (8th Cir. 1997); *Wedow v. City of Kansas City, Mo.*, 442 F.3d 661, 671 (8th Cir. 2006) (affirming the district court's ruling permitting "acts occurring outside the 300-day window to be admitted as relevant to discriminatory intent" in that disparate treatment case). Discovery of how policies affected other employees is relevant to a disparate impact/pattern or practice case. *See Paige v. California*, 291 F.3d 1141, 1149 (9th Cir. 2002) (affirming admission of pre-liability data into evidence in a disparate impact case); *Willis v. Golden Rule Ins. Co.*, No. CIV-3-89-0189, 1991 WL 350038, at *3–4 (E.D. Tenn. Aug. 5, 1991) (finding production of personnel files of other employees is relevant to building a statistical case and is discoverable, particularly in a pattern and practice discrimination claim); *see Cardenas v. Prudential Ins. Co. of Am.*, No. CIV.99-1421(JRT/FLN), 2003 WL 244640, at *1–3 (D. Minn. Jan. 29, 2003) (granting discovery of information about other employees in a pattern-or-practice case).

III.    DISCUSSION

Here, the plaintiffs purport to represent a class, and have alleged class-wide discriminatory conduct. They allege a longstanding and ongoing policy of discrimination against employees with hearing impairments.

9

The Court finds the continuing-violation doctrine generally applies to the plaintiffs' pattern or practice or disparate impact claims. In the absence of precedent to the contrary, the Eighth Circuit caselaw that predates *Morgan* remains valid in this Circuit, allowing the plaintiffs to rely on the continuing-violation exception to the statutes of limitation for their pattern-or-practice claims. The plaintiffs have adequately alleged a continuing violation.

At this juncture, the Court finds only that information as to class members that predates 2017 is discoverable. The Court need not decide at this time whether Union employees who allegedly experienced discrimination before June 2017 can be class-members. "The applicability of the 300–day limitation period to this case is a fact-specific inquiry, dependent on the situation of each aggrieved person." *See Equal Emp. Opportunity Comm'n v. Pitre, Inc.*, No. 1:11-CV-00875 RB/KBM, 2012 WL 12995019, at *1 (D.N.M. Nov. 30, 2012)(finding it premature to determine whether the class could include claims by persons aggrieved outside the 300-day period). Despite the age of the case, this action is in its early stages. No class has yet been certified. The determination as to any individual relief for class members will also be made at a later stage of the proceeding.

Whether or not any hearing-impaired employees may be members of the class or may recover damages for individual claims based on discrimination they experienced before June 2017, the information dating to 2014 (when the policy at issue was allegedly implemented) is relevant to the plaintiffs' claims for injunctive relief and other issues such as motive, intent or punitive damages and is discoverable. Plaintiffs are entitled to discovery about how these policies affected employees before 2017 to adequately build their disparate impact/pattern or practice case. *See Paige*, 291 F.3d at 1149. Also,

10

information predating the limitations period may be admissible to prove that the Railroad

discriminated against its employees during the limitation period.

IT IS ORDERED:

The plaintiff's motion to compel (Filing No. 82), construed as a motion for partial

summary judgment, is granted in part and denied in part as premature as set forth in this

order.

Dated this 9th day of February, 2023.


BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge