IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| CHARLES WALDSCHMIDT, and NANCY POLLARD, as Personal representative of CHARLIE GRIGG;<br><br>Plaintiffs,<br><br>vs.<br><br>UNION PACIFIC RAILROAD CO.,<br><br>Defendant. | 4:21CV3124<br><br>**MEMORANDUM AND ORDER** |

This case comes before the Court on the issue of notice to be issued to the class under Federal Rule of Civil Procedure 23(c)(2).

The parties have submitted proposed class action notice and opt out forms. *See* Filing No. 274; Filing No. 275.[1] For the most part, the parties are in agreement on the contents of these forms. Accordingly, the Court adopts those portions of the forms which are agreed upon. As to the remaining disputed issues the Court rules as follows.

### A. Opt-Out Period

The Court adopts Plaintiffs' proposal of a 30-day opt out period rather than Defendant's proposed 60-day notice period.

### B. Email Notice

Defendant asks to distribute notice by first-class mail and email. Plaintiffs seek to distribute notice only by mail, arguing email notice is not effective. The Court adopts Defendant's proposal to provide notice by email as well as first-class email in order to maximize the parties' ability to reach potential class members.

---

[1] These filings and future filings in this Memorandum and Order refer to the filings in lead case 4:21-cv-3124, but for completeness, Filing No. 279 is the twin filing in member case 8:22-cv-210.

1

### C. Identification of Class Counsel

Plaintiffs agree to, and the Court therefore adopts, Defendant's proposed language removing the reference to "your lawyers" to potential class members.

### D. Class Claims, Issues, or Defenses

Plaintiffs propose utilizing the Court's language from its order certifying the classes to define the class claims, issues, and defense as required by Rule 23(c)(1)(B). Defendant proposes simplifying the language to be better understood by non-lawyer lay members of the class. Union Pacific's proposed language is overly argumentative, and the Court finds its class-certification language to be clear and free of legal jargon. Accordingly, it adopts Plaintiffs' proposal.

### E. The Binding Effect of a Class Judgment

Plaintiffs agree to, and the Court adopts, Defendant's proposal to add the following sentence: "Regardless of which party wins, class members would be bound by the outcome."

### F. Notice of Class Members' Obligations in Phase II

Defendant proposes adding language informing class members that if the case does not settle "receive any money, class members would need to participate in discovery and appear in court in Nebraska to prove any alleged damages they have incurred." Filing No. 274 at 5. It argues this is in accordance with the two-step trial plan the Court approved. Plaintiffs argue it is inappropriate to imply class members will have to participate in discovery and travel to Nebraska as the issues could be resolved prior to a phase 2 in-person trial. The Court agrees with Defendant that some form of notice of the two-phase trial plan is necessary but agrees with Plaintiffs that using mandatory language regarding the logistics of travel and discovery is inaccurate. Accordingly, the notice shall

2

state, "Class members may be required to participate in discovery and/or appear in court in Nebraska to prove the damages they have incurred." This wording strikes the appropriate balance between informing potential class members of the bifurcated trial plan while not stating they will be required to travel.

### G. Logistics of Class Notice Administration

The parties are in agreement that Analytics, LLC will administer the class notice. Defendant will provide Plaintiffs the last known address and email address for each Rule 23(b)(3) class member within 5 business days of the date of this order. The class administrator will use skip-tracing technology to ensure that notice is sent to class members' most current addresses. If any notices are returned as undeliverable, the class-action administrator should use reasonable measures to locate updated addresses. The class-action administrator shall also establish a toll-free phone number where class members can call to ask questions or update their personal information. Accordingly,

**IT IS ORDERED:**

1. The Court adopts the parties' proposed class notice and opt out form and plan as amended herein.
2. Defendant shall provide Plaintiffs the last known address and email address for each Rule 23(b)(3) class member within 5 business days of the date of this order.
3. Plaintiffs shall provide notice to potential class members as expediently thereafter as possible.

Dated this 2nd day of December, 2025.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge