IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

CHARLES WALDSCHMIDT, and NANCY POLLARD, as Personal representative of CHARLIE GRIGG;

Plaintiffs,

vs.

UNION PACIFIC RAILROAD CO.,

Defendant.

**4:21CV3124**
**8:22CV210**

**ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 23(E)(2); AWARDING ATTORNEY'S FEES, COSTS, AND CASE CONTRIBUTION AWARDS**

WHEREAS Plaintiffs Nancy Pollard and Charles Waldschmidt and Defendant Union Pacific Railroad Company (collectively "Parties") entered into a Settlement Agreement on April 22, 2026 (Filing No. 356) which, together with the exhibits thereto, sets forth the terms and conditions for a proposed resolution of this Action and for its dismissal with prejudice;

WHEREAS, by order dated April 23, 2026, the Court granted preliminary approval of the Settlement between the Parties in the Action, ordering notice to Class Members and providing Class Members with an opportunity to object to the Settlement (Filing No. 359);

WHEREAS, the Court held a Fairness Hearing on August 17, 2026, to consider approval of this Settlement;

WHEREAS, the Court has considered the Settlement Agreement, the record in this Action, and the Parties' arguments and authorities;

GOOD CAUSE APPEARING, IT IS HEREBY ORDERED AS FOLLOWS:

1. All terms and definitions used herein have the same meanings as set forth in the Settlement Agreement unless stated otherwise herein or in the Court's Order Granting Preliminary Approval of the Settlement.

2. The Court has jurisdiction over this Action and the Parties.

3. The Court finds that the notice plan as set forth in the Settlement Agreement constituted the best notice practicable under the circumstances to all Class Members and fully complied with the requirements of Fed. R. Civ. P. 23 and due process.

4. Pursuant to Fed. R. Civ. P. 23(e), the Court hereby grants final approval of the Settlement and finds that the Settlement is fair, reasonable, and adequate and in the best interests of the Class Members based on the following factors, among other things:

a. There is no fraud or collusion underlying this Settlement, and it was reached as a result of extensive arm's-length negotiations, including through mediation sessions with respected mediators. Despite the mediators' involvement, the Court has performed its own, independent analysis of the Settlement's fairness, reasonableness, and adequacy pursuant to Fed. R. Civ. P. 23(e)(2).

b. The complexity, expense, and likely duration of the litigation favor settlement—which provides meaningful benefits on a shorter time frame than otherwise possible—on behalf of the Class Members. Based on the stage of the proceedings and the amount of investigation and discovery completed, the Parties have developed a sufficient factual record to evaluate their chances of success at trial and the merits of the proposed Settlement.

c. The support of Class Counsel and Plaintiffs, who represent the interests of Class Members, who have participated in this litigation and evaluated the proposed Settlement, also favors final approval.

d. The Settlement provides meaningful relief to the Class and falls within the range of reasonable possible recoveries by the Class Members.

5. Upon the Effective Date: (i) the Settlement Agreement shall be the exclusive remedy for any and all Released Claims of Plaintiffs and Class Members; and (ii) Plaintiffs and Class Members stipulate to be and shall be permanently barred from initiating, asserting, or prosecuting any and all Released Claims against the Releasees in any federal or state court or tribunal. Likewise, upon the Effective Date, Defendant and each of the other Releasees shall be deemed by operation of law to have released, waived, discharged, and dismissed any claim against Plaintiffs, Class Counsel, or Class Members arising from the initiation and prosecution of the Action; provided, however, that nothing herein shall release or waive any claims or defenses arising from (a) any breach of the Settlement Agreement, (b) enforcement of the terms of the Settlement Agreement or (c) fraud or willful misconduct. Accordingly, the Settlement shall terminate the Action.

The Settlement Agreement, this Order, any Judgment, and the Settlement itself, including any act performed or document executed or filed pursuant to or in furtherance of the Settlement Agreement or the Settlement, shall not be, and may not be deemed to be or used as, an admission of, or evidence of, the validity or lack thereof of any Released Claim, or of any wrongdoing, fault, or liability of Defendant. The Settlement Agreement, this Order, any Judgment, and the Settlement itself, including any act performed or document filed or executed pursuant to or in furtherance of the Settlement Agreement or

the Settlement, shall not be admissible in any proceeding for any purpose, except to enforce the terms of the Settlement Agreement or this Order, and except that the Releasees may file the Settlement Agreement and/or this Order in any action that may be brought against them in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

6. The Court finds that an award of attorney's fees and costs is appropriate pursuant to Federal Rule of Civil Procedure 23(e)(2)(C)(iii) and therefore approves such award in an amount, manner, and timing as set forth in the Court's separate Order on Class Counsel's motion for Attorney's Fees and Costs Award and Case Contribution Awards.

7. The Court finds that the payment of Case Contribution Awards to the Plaintiffs is fair and reasonable and therefore approves such payment as set forth in the Court's separate Order on Class Counsel's motion for Attorney's Fees and Costs Award and Case Contribution Awards.

8. The Action, and all claims asserted therein, is settled and dismissed with prejudice.

9. Consummation of the Settlement, including the making of payments to Class Members, shall proceed as described in the Settlement Agreement, and the Court reserves jurisdiction over the subject matter and each Party to the Settlement solely to resolve any disputes that may arise regarding the notice and payment procedures addressed in § 11 of the Settlement Agreement.

10. Unopposed Motion for Attorney Fees (Filing No. 361 in 4:21-cv-03124 and Filing No. 365 in 8:22-cv-00210) is granted.

11. Joint Motion for Settlement (Filing No. 371 in 4:21-cv-03124 and Filing No. 375 in 8:22-cv-00210) is granted.

IT IS SO ORDERED.

Dated this 17th day of August, 2026.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge